UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              :
In the Matter of the Complaint                :
            of                                :
BESTREV Ltd., as Owner and Operator of        :    C.A. No.:
the S/V BEST REVENGE 5,                       :
for Exoneration from or Limitation of Liability :
_____:

**Complaint for Exoneration From or Limitation of Liability**

  Plaintiff, BestRev Ltd. ("BestRev"), by its attorney, alleges as follows in support of its complaint seeking exoneration from, or limitation of, liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §30501 *et seq.* ("Limitation Act") and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"), in connection with the total loss of its vessel S/V BEST REVENGE 5 and appurtenances ("Vessel") as a result of a fire occurring on or about July 11, 2017:

  1)  This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

  2)  This matter is a civil case within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and authorized pursuant to 46 U.S.C. § 30511.

  3)  Venue is proper in the District of Massachusetts because, pursuant to Rule F(9) of the Supplemental Rules, the Vessel has not been arrested or attached, suit has not been commenced against BestRev, and the remains of the Vessel are in this District.

4) At all material times, BestRev was a corporation organized and existing under the laws of the British Virgin Islands, with its office and principal place of business in New York, New York.

5) On or about July 11, 2017, BestRev was the "owner" (as defined by 46 U.S.C. § 30501) of the Vessel.

6) The Vessel was a 58.5 foot seagoing catamaran built in 2003, used for commercial and recreational purposes, and documented under the laws of the Virgin Islands.

7) The Vessel suffered a casualty on or about July 11, 2017, when it caught fire while docked and upon navigable waters of the United States at MacDougalls' Marina in Falmouth, Massachusetts, resulting in damages to, and total loss of, the Vessel, in personal injury to crew, and allegedly in damage to nearby vessels and other property.

8) At the time of the casualty, the Vessel was in all respects properly manned, equipped, and supplied and was seaworthy and fit for the services in which it was engaged. BestRev exercised due diligence to make the Vessel seaworthy in all respects.

9) The casualty and resulting losses and damages were not due to any fault, negligence, want of care, design, or unseaworthiness on the part of BestRev, the Vessel, or those in charge of the Vessel. The cause of the loss and damage was not within BestRev's or those in charge of the Vessel's privity and knowledge before or during the time of the casualty.

10) The casualty resulted in the total destruction and loss of the Vessel and after the casualty, the fair market value of the Vessel was $0.00, as set forth in the Appraiser's Report of Value attached hereto as **Exhibit A.**

11) At the time of the casualty, the Vessel was not under charter and was with no pending freight.

12) To date, BestRev has received a written demand from Chubb Insurance Group on behalf of itself and its insured, indicating that they hold Best Rev "fully responsible for" damage allegedly caused to a vessel known as the M/V TRICKSTER as a result of the casualty. BestRev also has received written demand from the Town of Falmouth in the amount of $33,456.23 for property damage and other expenses allegedly as a result of the casualty. Each of these claims exceeds the value of the Vessel after the casualty.

13) BestRev fears or expects additional demand(s) and claim(s) will be asserted against it in excess of the value of the Vessel after the casualty. To BestRev's knowledge, no actions or proceedings, demands, or unsatisfied claims of liens or liens against the Vessel are pending against BestRev concerning the casualty.

14) This Complaint is filed within six (6) months after BestRev received the first written notice of claim from any claimant.

15) BestRev claims and is entitled to exoneration from, as well as limitation of liability for, any and all losses, damages, destruction, claims, and injury occasioned or incurred by or resulting from the casualty and for all claims for damages that have been made or may hereafter be made against BestRev or the Vessel in connection with the casualty. BestRev further alleges that it has valid defenses thereto on the facts and the law.

16) If it appears that BestRev is or may be liable to any claimant, which BestRev specifically denies, BestRev then claims that its total and aggregate liability be limited to the value of its interests in the Vessel following the casualty pursuant to the Limitation Act or any other applicable limitation of liability law and that any monies decreed to be paid to be divided *pro rata* against such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled.

WHEREFORE, BestRev prays that:

(a) The Court enter an Order approving that the casualty rendered the Vessel a total loss and approve that BestRev deposit zero dollars ($0.00) with the Court, as security for the benefit of all potential claimants;

(b) The Court enter an Order directing the issuance of a notice citing all persons and entities claiming any interest herein or damages for any loss or injury as a result of the incident above described, including fines or penalties, to file their respective claims and answers to this Complaint with the Clerk of the Court and to serve copies thereof upon Plaintiffs, all as required by the Federal Rules of Civil Procedure, Supplemental Rules, and rules of this Court;

(c) The Court enter an Order prohibiting and restraining prosecution of any lawsuits already commenced and the commencement and prosecution of any suit, action, or legal proceeding of any nature, kind or description whatsoever against BestRev, its insurers, the Vessel, and BestRev's property with respect of any claim or claims arising out of the above described incident except as described in paragraph (b) above;

(d) The Court adjudge that BestRev is not liable to any extent and exonerated with respect to any losses, destruction, fines, penalties, damages or injuries in any manner arising out of the above described incident;

(e) If BestRev shall be adjudged liable, then that its total and aggregate liability be limited to the value of its combined interests in the Vessel following the casualty pursuant to the Limitation Act or any other applicable limitation of liability law and that any monies decreed to be paid to be divided *pro rata* against such

claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled and that a decree thereupon be entered discharging Plaintiffs from all further liability; and

(f)     BestRev have such other and further relief as may appear just.

DATED:  January 2, 2018           **BESTREV, Ltd., as Owner and Operator of S/V BEST REVENGE 5,**

By its Attorney,

*/s/ Michael J. Daly*
Michael J. Daly (BBO# 655838)
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI  02903
(401) 490-3424
mdaly@pierceatwood.com